## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **RICHARD B. LAWSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:22CV00029 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MARTIN J. O'MALLEY,** | ) | JUDGE JAMES P. JONES |
| **COMMISIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Vernon M. Williams,* WOLFE, WILLIAMS & AUSTIN, Norton, Virginia, for Plaintiff; James A. McTigue, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Defendant.

In this social security disability case, I will accept the Report and Recommendation (Report) of the magistrate judge.

The plaintiff challenges the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance under the Social Security Act (Act). The case was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Judge Sargent filed her 30-page Report on February 29, 2024, in which she recommended that the court affirm the Commissioner's decision denying benefits. Report 29, ECF No. 19. On March 7, 2024, the plaintiff filed a timely

Objection to the Report. The Commissioner has filed a Response to the Objection and accordingly the Objection is ripe for decision.

I.

I must make a de novo determination of those portions of the Report to which the plaintiff objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under the Act, the court must uphold the factual findings and final decision of the administrative law judge (ALJ), upon which the Commissioner's decision was based, if they are supported by substantial evidence and were reached through application of the correct legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated, and the Commissioner's final decision must be affirmed. *Id*. But I may not "reflexively rubber-stamp an ALJ's findings." *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (citation omitted). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Id*. (internal quotation marks and citations omitted).

ALJs must consider the persuasiveness of the medical opinions and findings in a claimant's case. 20 C.F.R. § 404.1520c(b), (c)(1)–(5). The most important factors in evaluating the persuasiveness of these medical opinions and prior administrative medical findings are supportability and consistency, and the ALJ must explain how he considered these two factors in his decision. 20 C.F.R. § 404.1520c(b)(2). "Supportability" means "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation." Revisions to Rules, 82 Fed. Reg. 5853 (Jan. 18, 2017); 20 C.F.R. § 404.1520c(c)(1). "Consistency" denotes "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." Revisions to Rules, 82 Fed. Reg. 5853; 20 C.F.R. § 404.1520c(c)(2).

II.

The Objection to the Report contains two assertions. First, the plaintiff contends that the ALJ failed to properly consider the plaintiff's complaints of limitations regarding handling and fingering objects. Obj. 1, ECF No. 20. Second, the plaintiff argues that the ALJ did not properly consider the plaintiff's subjective mental and emotional allegations. *Id*. at 2–4. As to both claims, I agree with the magistrate judge.

There is a two-step framework for evaluating subjective symptoms such as the plaintiff's mental health difficulties and physical difficulties. First, the ALJ must

determine whether objective medical evidence presents "medically determinable impairments" that could reasonably be expected to produce the claimant's alleged symptoms. *Arakas v. Comm'r*, 983 F.3d 95 (4th Cir. 2020). Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether he is disabled. *Id.* The ALJ explicitly referenced this test in its analysis. Admin R. ALJ Dec. 18–19, ECF No. 9-3.

In assessing a claimant's residual functional capacity, the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" before the residual functional capacity may be stated "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (internal quotation marks and citations omitted).

The ALJ properly considered the plaintiff's evidence regarding difficulties with fingering and handling objects. After review, the ALJ found that the assessments by the state agency medical consultants were mostly unpersuasive and that the "totality of the evidence supports more restrictive exertional and postural limitations, considering the cumulative effect of the claimant's obesity, musculoskeletal problems, and cardiac issues. Admin. R. ALJ Dec. 35, ECF No. 9-3. The ALJ went on to state that "the claimant has some manipulative limitations as

set forth above due to his left upper extremity problems" and addressed the issues with handling objects during the hearing.  *Id*.; Admin. R., Hr'g Tr. 60, ECF No. 9-3.  The ALJ also evaluated the plaintiff's shoulder pain and flexibility.  *Id*. at ALJ Dec. 32.  Lastly, the ALJ considered evidence that his left hand possessed normal strength and reflexes notwithstanding his carpel tunnel symptoms.  *Id*.  Contrary to the plaintiff's assertion, this evidence, taken together, provides a valid basis from which to conclude that that he could find employment in jobs such as an addresser, document preparer, or lens inserter.  The fact that the ALJ specifically referenced vocations where handling and fingering may be required provides more, rather than less, support for the conclusion that his analysis was based on substantial evidence.

The ALJ properly considered the plaintiff's overall subjective symptoms.  The plaintiff alleges that he suffers from "crippling panic attacks," is "practically unable to leave his home," and suffers from other mental health issues that stemmed from an attack while he was working as a prison guard at Red Onion State Prison.  Obj. 3, ECF No. 20.  He also asserts that discounting the findings of Deidra Fisher Taylor, his mental health counselor, due to their identical and repetitive nature fails to comply with Social Security Ruling 16-3P Titles II and XVI: Evaluation of Symptoms in Disability Claims.  SSR 16-3p, 2917 WL 5180304 (Oct. 25, 2017).

The ALJ noted in his analysis that mental status examinations showed mostly normal findings for the plaintiff and that the plaintiff's condition substantially

improved with medication. ALJ Dec. 29–30, ECF No. 9-3. Although these records conflicted somewhat with the records from Taylor, the ALJ discounted Taylor's records because of their identical and repetitive nature. While the plaintiff claims that this weighing of the evidence fails to comply with SSR 16-3p, his argument is conclusory and does not appear to find its roots in the text of SSR 16-3p. Indeed, it is more than plausible that the ALJ reviewed the identical medical entries and, because of their identical and repetitive nature, concluded that they showed a lack of care and perception for recording updated information that would be useful in the ALJ's analysis. Accordingly, the ALJ based his findings on substantial evidence.

### III.

It is **ORDERED** as follows:

1. The plaintiff's objections, ECF No. 20, are DENIED;

2. The magistrate judge's Report and Recommendations, ECF No. 19, is fully ACCEPTED;

3. The plaintiff's Motion for Summary Judgment, ECF No. 13, is DENIED;

4. The Commissioner's Motion for Summary Judgment, ECF No. 17, is GRANTED; and

5. A separate final judgment will be entered herewith.

ENTER: March 25, 2024

/s/  JAMES P. JONES
Senior United States District Judge